UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOUSE OF PROVIDENCE, et al.,

    Plaintiffs,                                    Civil Action No. 19-CV-13424

vs.                                            HON. BERNARD A. FRIEDMAN

BRUCE MEYERS, et al.,

    Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO STRIKE THE UNISES' AMENDED COUNTER-COMPLAINT AND FOR SUMMARY JUDGMENT**

This matter is presently before the Court on plaintiffs' motion to strike the Unis defendants' amended counter-complaint and for summary judgment on the Unises' counter-complaint and amended counter-complaint [docket entry 144].  Response and reply briefs have been filed.  Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

Plaintiffs first argue that the Unis defendants' amended counter-complaint should be stricken because it was filed without complying with Fed. R. Civ. P.15(a)(1).  Under that rule, a pleading may be amended once as a matter of course within either "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Otherwise, under Fed. R. Civ. P. 15(a)(2), a pleading may be amended only by stipulation or with the Court's permission.

In the present case, the Unises' counter-complaint was filed on January 31, 2020. Their amended counter-complaint, which was filed without plaintiffs' consent or the Court's

permission, was filed on June 1, 2020, seemingly after the 21-day deadlines listed in Rule 15(a)(1) had expired. However, those deadlines have no application in these circumstances. Plaintiffs filed a second amended complaint on May 19, 2020, and that filing "restarted the clock." Defendants were entitled to file a counter-complaint in response to plaintiffs' second amended complaint. Defendants did not need plaintiffs' consent or the Court's permission to file this pleading. The Court shall therefore deny plaintiffs' motion to strike

The Court shall also deny plaintiffs' motion for summary judgment on the Unises' amended counter-complaint,[1] which asserts claims for defamation, intentional infliction of emotional distress, false light, and defamation per se. While "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery," Fed. R. Civ. P. 56(b), ordinarily it is improper to grant such a motion before all parties have had "a full opportunity to conduct discovery." *Bunche v. United States*, No. 17-6190, 2018 WL 4959029, at *2 (6th Cir. June 20, 2018) (citing *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719-20 (6th Cir. 2004)). As no discovery has been conducted in this case, plaintiffs' motion for summary judgment is premature. Accordingly,

IT IS ORDERED that plaintiffs' motion to strike the Unis defendants' amended counter-complaint and for summary judgment on the Unises' counter-complaint and amended counter-complaint is denied.

Dated: July 17, 2020  
      Detroit, Michigan

s/Bernard A. Friedman  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs also seek summary judgment on the Unises' original counter-complaint, but that pleading has been superseded by amendment.