UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOUSE OF PROVIDENCE, et al.,

    Plaintiffs,                                  Civil Action No. 19-CV-13424

vs.                                          HON. BERNARD A. FRIEDMAN

BRUCE MEYERS, et al.,

    Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANTS'**
**MOTIONS TO DISMISS THE SECOND AMENDED COMPLAINT**

This matter is presently before the Court on (1) the motion of defendants James Unis, Donna Unis, and Cynthia Unis ("the Unises") motion to dismiss Counts IV-VIII of the second amended complaint ("SAC") [docket entry 105]; (2) the motion of defendant Ginny Benson ("Benson") to dismiss the SAC and/or for a more definite statement [docket entry 107]; (3) the motion of defendant Barbara Blanock ("Blanock") to dismiss the SAC and/or for a more definite statement [docket entry 109]; (4) the motion of defendant Bruce Meyers ("Meyers") to dismiss and strike the SAC [docket entry 111]; (5) the motion of defendant Larry Roesner ("Roesner") to dismiss Counts IV-VIII of the SAC [docket entry 113]; (6) the motion of defendant Kallie Roesner-Meyers ("Roesner-Meyers") to dismiss and strike the SAC [docket entry 116]; and (7) the motion of defendants Paul Warfield and Kathy Warfield ("the Warfields") to dismiss and strike Counts I-VIII of the SAC [docket entry 119]. Plaintiffs have responded to each of these motions and defendants have replied. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a hearing.

In its May 5, 2020, opinion and order in this matter, *see House of Providence v.*

*Meyers*, No. 19-CV-13424, 2020 WL 2131800 (E.D. Mich. May 5, 2020), the Court dismissed all of plaintiffs' claims except those brought under 42 U.S.C. §§ 1982, 1985(3), and 3617. The Court also ordered that

> if plaintiffs wish to pursue Counts VII-IX (defamation claims) and Count X (IIED), they must file an amended complaint within fourteen days of the date of this opinion, alleging specifically, as to the defamation claims, which defendants made which defamatory statements (to be recited verbatim) and when; and alleging specifically, as to the IIED claim, which defendants made which outrageous statements (to be recited verbatim) or committed which outrageous acts and when.

*Id.* at *19. On May 19, 2020, plaintiffs filed a SAC that asserts the following claims: Count I (violation of 42 U.S.C. § 1982); Count II (violation of 42 U.S.C. § 1985); Count III (violation of 42 U.S.C. § 3617); Count IV-VI (various forms of defamation); Count VII (IIED); and Count VIII (civil conspiracy).

To the extent defendants seeks dismissal of Counts I, II, or III, the motions are denied because the Court has already determined that these claims are sufficiently pled. This is the law of the case. Attempts to seek the dismissal of those claims are, in effect, untimely motions for reconsideration. For the same reason, defendants' motions to strike any portions of the complaint are denied.

To the extent defendants seek dismissal of Counts IV through VIII, the motions are denied because the defamation and IIED claims are now pled in much greater detail than in the first amended complaint, and the words and actions in question have been described more specifically and ascribed, to the extent possible, to specific defendants. As presently pled, theses claims (and the civil conspiracy claim which is based on them) suffice to put all of the defendants on notice as to the nature of the claims, and the facts plaintiffs have alleged suffice

to "to raise a right to relief above the speculative level.*"* *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  No more is required to defeat a Rule 12(b)(6) motion to dismiss.

To the extent defendants seek a more definite statement, these motions are denied because plaintiffs' allegations are not "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  Defendants will have an opportunity through discovery to delve more deeply into the factual bases of plaintiffs' claims.  Accordingly,

IT IS ORDERED that defendants' motions to dismiss [docket entries 105, 107, 109, 111, 113, 116, and 119] are denied.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
Dated:  July 20, 2020　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE
Detroit, Michigan